UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christopher Roller,                       Civil No. 07-1675 (JRT/FLN)

    Plaintiff,

v.                                     **REPORT AND RECOMMENDATION**

George W. Bush and Richard Cheney

    Defendants.

*Pro se* Plaintiff.
Patricia Cangemi for Defendants.

**THIS MATTER** came before the undersigned United States Magistrate Judge on August 10, 2007, on Defendants' motion to dismiss [#4] and Plaintiff's motion for partial summary judgment [#13]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendants' motion be granted and Plaintiff's motion denied.

**I.     FINDINGS OF FACT**

On March 27, 2007, Plaintiff filed a Complaint [#1]. Plaintiff's Complaint alleged a patent infringement claim against the Defendants. (*See* Compl., Docket No. 1.) Plaintiff's claim is based upon a patent application seeking a patent on godly powers.

The Defendants moved to dismiss the complaint on the ground that a patent infringement claim cannot be brought until an actual patent has been granted. In response, Plaintiff agreed that he does not have a viable patent claim and filed an Amended Complaint [#10] on June 18, 2007. (*See* Pl.'s Mem. to Oppose Motion to Dismiss, Docket No. 11.) The Amended Complaint brings claims under the Federal Tort Claims Act against the Defendant for attempts to kill Plaintiff. (*See*

Am. Compl., Docket No. 10.) Plaintiff makes claims that the Defendants have conspired with various government agencies to kill Plaintiff. (*See* Am. Compl.) The only specific factual allegation is that "George Bush/Dick Cheney and fellow demons conspired a hit while I was at Red Lobster on 16Apr2007. I believe someone put a huge bomb underneath the joint (or something of a big hit). It didn't go off, but instead, created the Virginia Tech shoot back-lash side-effect." (Am. Compl., ¶ 11.)

Plaintiff has moved for Partial Summary Judgment on the Amended Complaint [#13] and the Defendants have extended their motion to dismiss to include the Amended Complaint. Since the parties are in agreement that the original Complaint fails to state a viable claim, the Court will only consider the Amended Complaint.[1]

## II. STANDARD OF REVIEW

Defendants move to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002).

Under Rule 8 of the Federal Rules of Civil Procedure, the Plaintiff must set forth in his complaint "a short and plain statement of the claim showing that the pleader is entitled to relief."

---

[1] Plaintiff states in his Amended Complaint that he incorporates his original Complaint in its entirety. This is prohibited by Local Rule 15.1, which prohibits the incorporation of prior pleadings by reference. *See* Local Rule 15.1. Therefore, even if the Plaintiff had not agreed that the original Complaint should be dismissed, only the Amended Complaint would be properly before the Court; as the Amended Complaint supplants, not supplements, the original Complaint.

Fed. R. Civ. P. 8(a)(2). The Supreme Court has determined that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir.1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief about the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp.*, 127 S. Ct. at 1965 (internal citations omitted).

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984). Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir.1981).

**III.   LEGAL ANALYSIS**

Plaintiff's Amended Complaint fails to contain specific factual allegations to support its conclusions, therefore it must be dismissed. *Id*. The Plaintiff has provided no information to permit the inference that the Defendants have conspired to kill him. Plaintiff only states the ultimate legal conclusion that the Defendants have conspired to kill him. Plaintiff's only specific allegation relates to a bomb being placed under a restaurant. However, he states that the bomb did not detonate. Instead, he claims that the bomb caused the Virginia Tech shootings. Plaintiff has failed to alleged sufficient facts to raise his claims above mere speculation as required by *Bell Atlantic*. *Bell Atlantic Corp.*, 127 S. Ct. at 1965.

Since the Defendants' motion to dismiss should be granted, it must follow that the Plaintiff's motion for summary judgment be denied.

## IV. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' motion to dismiss [#4] be **GRANTED** and Plaintiff's motion for partial summary judgment [#13] be **DENIED**.

DATED: September 24, 2007            s/ *Franklin L. Noel*
                                                                FRANKLIN L. NOEL
                                                                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 12, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636

to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **October 12, 2007,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.